# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 13, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| LANCE ANTOLICK *and* | * | |
| ALYSON ANTOLICK, | * | UNPUBLISHED |
| *on behalf of* L.A., | * | |
| | * | No. 16-1460V |
| Petitioners, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Interim Award; |
| AND HUMAN SERVICES, | * | Travel Time; Non-Compensable Legal |
| | * | Research. |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners.
*Robert P. Coleman*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 4, 2019, Lance Antolick and Alyson Antolick ("petitioners") filed a motion for interim attorneys' fees and costs. **Petitioners' motion is hereby GRANTED. Their former counsel is awarded $21,886.53. Their current counsel is awarded $53,613.28.**

## I.    Procedural History

Petitioners initially retained attorney Mr. Booth Samuels. On November 4, 2016, he filed petitioners' claim in the National Vaccine Injury Compensation Program. Petition (ECF No. 1).[2] Petitioners allege that as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"),

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

inactivated polio virus ("IPV"), and haemophilus influenzae type B ("Hib") vaccines on November 4, 2013, their minor child L.A. suffered an encephalopathy or encephalitis within seventy-two hours of the DTaP vaccine, therefore meeting the criteria set forth in the Vaccine Injury Table. *Id.* at Preamble; 42 C.F.R. § 100.3(b)(2).

On December 7, 2016, an initial status conference was held in the case. Respondent questioned whether the onset of L.A.'s alleged encephalopathy occurred within seventy-two hours of the DTaP vaccine as required for a Table Injury. Respondent also opposed informal resolution at that time. I directed petitioners to refile the exhibits to date with proper labeling, file additional materials concerning the onset of L.A.'s encephalopathy, an amended petition if appropriate, and an expert report supporting vaccine causation. Scheduling Order filed December 7, 2016 (ECF No. 13).

Petitioners duly filed additional medical records and affidavits, followed by an amended petition adding an alternative claim of causation-in-fact. Amended Petition filed January 6, 2017 (ECF No. 15). On May 8, 2017, petitioners then filed an expert report from Dr. Alan S. Levin. Pet. Ex. 29 (ECF No. 18). On June 21, 2017, respondent filed a responsive report from Dr. Andrew MacGinnitie. Resp. Ex. A (ECF No. 19). On June 30, 2017, respondent filed the Rule 4(c) report recommending against compensation. Resp. 4(c) Rept. (ECF No. 21).

On July 25, 2017, I held a status conference pursuant to Vaccine Rule 5. My preliminary view was that the timing was not close enough to qualify as a Table encephalopathy. Therefore, petitioners had the burden of establishing causation-in-fact. I noted that if L.A.'s babysitter had not acted as quickly as she did, it is likely that L.A. would have died and his death would have been classified as sudden infant death syndrome ("SIDS"). I suggested petitioners' counsel and the experts review the literature on SIDS and consider whether a SIDS analysis was appropriate. I directed petitioners to submit additional evidence on the facts, expert opinions, and medical literature. Scheduling Order filed July 26, 2017 (ECF No. 23).

On October 17, 2017, petitioners filed a motion to substitute Mr. Samuels with a new attorney, Mr. Andrew D. Downing (ECF No. 24), which was granted via a non-PDF order that same day. On November 9, 2017, a status conference was held at petitioners' request. Petitioners advised that they were not proceeding with their initial expert Dr. Levin. In addition to obtaining updated medical records, they planned to retain new expert(s) and determine whether to pursue a Table claim or off-Table claim. Scheduling Order filed November 9, 2017 (ECF No. 25).

On January 8, 2018, petitioners filed Dr. Lawrence Steinman's first expert report in the case. Pet. Ex. 34 (ECF No. 27-1). In response, on May 23, 2018, respondent filed Dr. MacGinnitie's second report, Resp. Ex. C (ECF No. 38) and Dr. Peter Bingham's first report, Resp. Ex. D (ECF No. 40). On June 12, 2018, I held a status conference, during which I directed the parties to file supplemental expert reports. Scheduling Order filed June 15, 2018 (ECF No. 42). I also referenced my opinion finding that the petitioners established causation-in-fact between childhood vaccines and SIDS. *Boatmon v. Sec'y of Health & Human Servs.*, No. 13-611V, 2017 WL 3432329 (Fed. Cl. Spec. Mstr. July 10, 2017), *review granted,* 138 Fed. Cl. 566 (July 3, 2018), *affirmed on other grounds*, 941 F.3d 1351 (Fed. Cir. Nov. 7, 2019). *See also*

*Nunez v. Sec'y of Health & Human Servs.*, 14-863V, 2019 WL 2462667 (Fed. Cl. Spec. Mstr. Mar. 29, 2019) (denying a similar claim and theory of causation), *rev. den'd* 144 Fed. Cl. 540 (2019), *appeal docketed* (Fed. Cir. Oct. 8, 2019).

On July 23, 2018, petitioners filed Dr. Douglas Miller's first expert report.  Pet. Ex. 59 (ECF No. 45).  In response, on September 28, 2018, respondent filed Dr. MacGinnitie's third report, Resp. Ex. F (ECF No. 48) and Dr. Bingham's second report, Resp. Ex. G (ECF No. 51).  These were discussed at a status conference on October 30, 2018.  Scheduling Order filed November 1, 2018 (ECF No. 53).

On February 6, 2019, petitioners filed an additional fact witness affidavit.  Pet. Ex. 100 (ECF No. 60).  On March 4, 2019, they filed Dr. Miller's second report.  Pet. Ex. 101 (ECF No. 61).  On April 22, 2019, respondent filed responsive reports from Dr. Bingham, Resp. Ex. H (ECF No. 63-1) and Dr. MacGinnitie, Resp. Ex. I (ECF No. 63-2).  Upon consideration of various factors, in particular the appeal in *Boatmon* pending before the Federal Circuit, I chose to defer holding a status conference or setting other proceedings in this case.  Scheduling Order filed May 30, 2019 (ECF No. 66).  The Federal Circuit has now issued a decision that in *Boatmon*, the petitioners were not entitled to compensation.

On October 4, 2019, petitioners filed a motion for interim attorneys' fees and costs.  Pet. Int. Fee App. filed October 4, 2019 (ECF No. 68).  They request that their former counsel Mr. Booth Samuels receive $16,802.50 in attorneys' fees and $7,565.87 in attorneys' costs incurred up until his withdrawal from this case.  Petitioners request that their current counsel Ms. Andrew Downing receive $28,516.00 in attorneys' fees and $25,097/28 in attorneys' costs incurred to date.  *Id.* at 6.

On October 18, 2019, respondent filed a response (ECF No. 69).  Respondent "le[ft] it to the discretion of the Special Master to determine whether the statutory requirements for an award have been met in this case, particularly whether there is reasonable basis for the claim." *Id.* at 2.  Respondent also "defer[red] to the Special Master to determine whether or not petitioner[s] ha[ve] met the legal standard for an interim fees and costs award as set forth in" *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).  *Id.*  Respondent did not make any specific objections to reasonable basis, an interim award, or the amounts requested.  Petitioners have not filed a reply.  This matter is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d

1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

I find that this case is certainly appropriate for an interim fee award.  It was filed three years ago.  Petitioners are requesting more than $30,000 in attorneys' fees and more than $15,000 in attorneys' costs.  These are understandable in light of the significant injury to L.A. and the complex issues requiring petitioners to retain multiple experts.  Respondent has not invited settlement discussions at any point.  Given the current volume of cases in the Vaccine Program, the appeals of other cases involving SIDS to the Federal Circuit, and the delay in setting further proceedings in this case, I find that an interim fee award is appropriate at this time.

## III.    Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[3]

Here, petitioners request that Mr. Booth Samuels received $195.00 per hour for work performed from 2015 – 2017. Int. Fee App., Ex. B at 1-5. Petitioners did not submit any information about Mr. Samuels's legal experience, but preliminary research indicates that he graduated from law school in 2006. That same year, he was admitted to practice law in the state of Alabama, where he remains in good standing. He practices in the Birmingham, Alabama metropolitan area.[4] This was his first case in the Vaccine Program, for which he was admitted to practice before the United States Court of Federal Claims. Based on his experience and the work performed, I find that the rate requested for Mr. Samuels is reasonable based on his level of experience and quality of work in this case. The same can be said for his paralegals, who billed at $85.00 per hour from 2015 – 2017. Accordingly, these rates will be awarded without adjustment.

Petitioners request that Mr. Downing receive $375.00 per hour for work performed in 2017 and $385.00 in 2018 and 2019. Int. Fee App., Ex. A at 1-8. They request that associate Courtney Van Cott is compensated $195.00 per hour for work performed in 2018 and $205.00

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on January 13, 2020).

[4] *Alabama State Bar Attorney Search*, https://www.alabar.org/find-a-member/ (last accessed December 30, 2019) (result for Mr. Booth Gordon Samuels); *see also Wettermark Keith PC – Our Team*, https://www.wkfirm.com/about/#our-team (last accessed December 30, 2019) (listing Mr. Samuels as an attorney at the firm).

per hour in 2019.  Int. Fee App., Ex. A at 8-9.  They request $135.00 per hour for paralegal work in 2017 – 2019.  Int. Fee App., Ex. A at 9-21.  *See, e.g.*, *Decker v. Sec'y of Health & Human Servs.*, No. 15-017V, 2019 WL 4928622 (Fed. Cl. Spec. Mstr. Sept. 18, 2019); *Coffey v. Sec'y of Health & Human Servs.*, No. 15-1161V, 2019 WL 4256972 (Fed. Cl. Spec. Mstr. Aug. 21, 2019); *Decker v. Sec'y of Health & Human Servs.*, No. 17-853V, 2019 WL 1923650 (Fed. Cl. Spec. Mstr. April 11, 2019); *Tucker v. Sec'y of Health & Human Servs.*, No. 17-566V, 2019 WL 1796124 (Fed. Cl. Spec. Mstr. April 2, 2019); *Butler v. Sec'y of Health & Human Servs.*, No. 16-1027V, 2019 WL 1716073 (Fed. Cl. Spec. Mstr. March 20, 2019).  These rates have been awarded in past cases.  I will award them without adjustment here.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed.  *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

First, upon review of the billing statement from petitioners' original attorney Booth Samuels, the overall hours spent appear to be reasonable.  The tasks are described in adequate detail and the time spent on the tasks do not appear to be excessive.  There is, however, one exception.  On December 15, 2016, Mr. Samuels traveled from his office to petitioners' home for a meeting.  He billed the 3.0 hours of travel time at his regular hourly rate of $195.00 for a total of $592.00.  Int. Fee App., Ex. B at 2.  Within the Vaccine Program, special masters traditionally compensate travel time (absent evidence that the attorney was simultaneously performing other work on the case) at one-half of the attorney's hourly rate.  *See, e.g.*, *Gilbert v. Sec'y of Health and Human Servs.*, No. 17-35v, 2019 WL 2744855 (Fed. Cl. Spec. Mstr. June 4, 2019); *Bogdan v. Sec'y of Health & Human Servs.*, No. 16-1681v, 2019 WL 1528297 (Fed. Cl. Spec. Mstr. March 19, 2019); *Arevalo v. Sec'y of Health & Human Servs.*, No. 15-406v, 2018 WL 6822350 (Fed. Cl. Spec. Mstr. Nov. 30, 2018).  In this case, Mr. Samuels's billing entries do not indicate that he was working on the case while traveling.  Accordingly, I will deduct 50% of the fees for traveling to meet with petitioners, **resulting in a deduction of $292.50.**

Upon review of the billing statement from Mr. Downing, the hours expended appear to be reasonable and adequately documented.  Accordingly, no reductions are necessary.

### D.  Costs

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program.  *Perreira*, 27 Fed. Cl. 29, 34.  Here, petitioners request $32,663.15 in attorneys' costs.

Here, petitioners' former counsel Mr. Samuels requests $7,565.87 in attorneys' costs. The costs of traveling to meet with petitioners, filing the petition, retaining experts, conducting research relating to the particular circumstances of this case, and transferring the records to

petitioners' current counsel are adequately documented and reasonable.  Int. Fee App., Ex. B at 6-24, 28-31.

Mr. Samuels also requests reimbursement for educating himself generally about the Vaccine Program, including attendance at the Court's conference in 2016 and joining the Vaccine Injured Persons ("VIP") Bar Association.  Int. Fee App., Ex. B at 7, 25-27.  I commend Mr. Samuels for these activities.  However, they are not directly and specifically related to this case.  It is well-established that counsel should not request fees for "educating themselves about basic aspects of the Vaccine Program".  *Helton v. Sec'y of Health & Human Servs.*, No. 16-234V, 2017 WL 4020452, at *5 (Fed. Cl. Spec. Mstr. Aug. 28, 2017); *see also Goldie v. Sec'y of Health & Human Servs.*, No. 18-476V, 2019 WL 7496619, at *4 (Fed. Cl. Spec. Mstr. Dec. 6, 2019) (providing additional case law).  By the same reasoning, it is inappropriate to request costs for that same purpose.  Accordingly, $1,469.34 is deducted from the requested costs.  Int. Fee App., Ex. B at 25-27.

Petitioners' current counsel Mr. Downing requests the costs of obtaining additional medical records, retaining additional experts, and postage.  Int. Fee App., Ex. A at 22-32.  These are adequately documented and reasonable based on my familiarity of the case.  They are awarded without adjustment.

## IV.    Conclusion

In accordance with the foregoing, petitioners' motion for *interim* attorneys' fees and costs is **GRANTED**.  I award the following reasonable interim attorneys' fees and costs at this time:

1) **A lump sum in the amount of $21,886.53, representing reimbursement for** *interim* **attorneys' fees and costs, in the form of a check payable jointly to petitioners and their** *former* **counsel Mr. Booth Samuels of Pittman, Duttman, and Hellums PC.[5]**

2) **A lump sum in the amount of $53,613.28[6] representing reimbursement for** *interim* **attorneys' fees and costs, in the form of a check payable jointly to petitioners and their** *current* **counsel Andrew D. Downing of Van Cott & Talamante PLLC.**

---

[5] Petitioners' former counsel requested $16,802.50 in attorneys' fees.  $292.50 is deducted to reflect that travel time should be billed at 50% of the attorney's regular hourly rate.  Accordingly, petitioners' former counsel is awarded $15,790.00 in attorneys' fees.

Petitioners' former counsel requested $7,565.87 in attorneys' costs.  $1,469.34 incurred on general education about the Vaccine Program is deducted from that request.  Petitioners' former counsel are awarded the remaining $6,096.53 in attorneys' costs.

$15,790.00 + 6,096.53 = $21,886.53.

[6] Representing $28,516.00 in attorneys' fees and $25,097.28 in attorneys' costs incurred by petitioners' current counsel up to the date of the motion for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[7] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).