# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: March 3, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LANCE ANTOLICK *and* | * | |
| ALYSON ANTOLICK, | * | UNPUBLISHED |
| *on behalf of* L.A., | * | |
| | * | No. 16-1460V |
| Petitioners, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Dismissal Decision; Diphtheria- |
| AND HUMAN SERVICES, | * | Tetanus-Acellular Pertussis ("DTaP"); |
| | * | Inactivated Polio ("IPV"); Haemophilus |
| Respondent. | * | Influenzae Type B ("Hib"); *Boatmon*. |
| * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners.
*Robert P. Coleman*, United States Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On November 4, 2016, Lance Antolick and Alyson Antolick ("petitioners"), acting on behalf of their minor child L.A., filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioners alleged that L.A. suffered injuries as a result of the diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus ("IPV"), and haemophilus influenzae type B ("Hib") vaccine that he received on November 4, 2013. Petition (ECF No. 1), amended on January 16, 2017 (ECF No. 15). The information in the record, does not establish entitlement to compensation.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 3, 2020, petitioners filed a motion for a decision dismissing the petition in light of the Federal Circuit's decision in *Boatmon v. Sec'y of Health & Human Servs.*, 941 F.3d 1351 (Fed. Cir. 2019). Petitioners' Motion ("Pet. Mot.") (ECF No. 76). *Boatmon* involved sudden unexplained infant death syndrome (SUIDS, also referred to as SIDS). In this case, L.A. did not pass away. However, petitioners aver that there are similar issues at hand. Pet. Mot. at ¶ 4. Petitioners aver that it would appear that the theory presented in *Boatmon* is no longer viable in the Vaccine Program. *Id.* at ¶ 5. Under these circumstances, petitioners feel that to proceed further would be unreasonable and would waste the resources of the Court and the Vaccine Program. *Id.* at ¶ 6. Petitioners understand that a decision by the special master dismissing their petition will result in a judgment against them and that such a judgment will end all of their rights in the Vaccine Program. *Id.* at ¶ 7. Petitioners intend to protect their rights to file a civil action in the future. *Id.* at ¶ 8.

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). An examination of the record does not contain persuasive evidence that L.A. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, the medical records are insufficient to establish entitlement and petitioners' experts have not presented opinion(s) that support a finding of entitlement in light of the Federal Circuit's recent decision in *Boatmon*, 941 F.3d at 1361-62.

**Thus, petitioners' motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).