# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  June 26, 2020

* * * * * * * * * * * * *    *
LANCE ANTOLICK *and* ALYSON     *
ANTOLICK *on behalf of L.A.*,    *
                             *
       Petitioners,          *
                             *
v.                             *
                             *
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,       *
                             *
       Respondent.         *
* * * * * * * * * * * * *    *

UNPUBLISHED

No. 16-1460V
Special Master Gowen

Attorneys' Fees and Costs

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, New York, NY, for Petitioners.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 18, 2020, Lance and Alyson Antolick ("Petitioners") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 81). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$5,649.50**.

## I.     Procedural History

On November 4, 2016, Petitioners filed a petition in the National Vaccine Injury Compensation Program on behalf of their minor child L.A.[2] Petitioners alleged that L.A. suffered injuries as a result of the diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

("IPV"), and haemophilus influenzae type B ("Hib") vaccinations he received on November 4, 2013. *See* Petition (ECF No. 1). On March 3, 2020, Petitioners filed a motion for a decision dismissing the petition pursuant in light of the Federal Circuit's decision in *Boatmon v. Sec'y of Health & Human Servs.*, 941 F.3d 1351 (Fed. Cir. 2019), which involved similar issues. On March 3, 2020, I issued my Decision dismissing the petition for insufficient proof. (ECF No. 77).

On March 18, 2020, Petitioners filed a motion for final attorneys' fees. Petitioners request compensation for their attorney, Mr. Andrew Downing, in the total amount of $5,649.50, representing $5,649.50 in attorneys' fees and $0.00 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioners warrant they have not personally incurred any costs in pursuit of his claim. Fees App. Ex. 5. Respondent reacted to the fees motion on March 30, 2020, stating that "Respondent defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. Response at 2,4. (ECF No. 83). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). I previously found that Petitioners were entitled to an award of interim attorneys' fees and costs on January 13, 2020. The work performed thereafter which Petitioners' now seek reimbursement for was certainly reasonable and the case maintained a reasonable basis until Petitioners' voluntarily dismissed their claim in light of the decision in *Boatmon*. Accordingly, a final award of reasonable attorneys' fees and costs is proper.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

I have reviewed the rates requested by Petitioners for the work of their counsel, Mr. Andrew Downing and Ms. Courtney Van Cott, and I find the rates requested herein to be consistent with what they have previously been awarded for their Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not

identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of **$5,649.50**.

### III.   Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $5,649.50 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$5,649.50** |

**Accordingly, I award a lump sum in the amount of $5,649.50, representing reimbursement for Petitioners' attorneys' fees, in the form of a check payable to Petitioners and their attorney, Mr. Andrew Downing.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).